IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN TOWER, [1] | § | |
| | § | No. 85, 2019 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below–Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No.     CN14-04728 |
| JANET FOWLER, | § | Petition No.   17-34645 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: July 26, 2019
Decided: October 10, 2019

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)  The appellant, John Tower, appeals the Family Court's denial of his petition for the modification of a prior custody order and his request for increased visitation with his son.  Tower also appeals from the Family Court's denial of his request that the Family Court judge recuse herself from his case.  We find no merit to Tower's appeal and affirm the Family Court's orders.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)     The record reflects that Tower and Janet Fowler are the parents of a son ("A.T."), born in 2014.  By way of order dated May 22, 2017, the Family Court awarded Fowler sole legal custody and primary residence of A.T.  At that time, a protection from abuse ("PFA") order previously issued by the Family Court prohibited Tower from having contact with Fowler or A.T.  After Tower submitted evidence to the court indicating that he had completed a domestic violence class, the court modified the PFA order to permit Tower to have supervised visitation with A.T.

(3)     On November 17, 2017, Tower filed a petition to modify the custody order, seeking full custody of A.T.  Prior to a hearing on the petition, Tower filed a motion for immediate visitation.  The Family Court withheld consideration of Tower's request for immediate visitation until the hearing on the petition to modify.[2]  Before the Family Court issued a decision on the petition, Tower filed a motion for the Family Court judge to recuse herself.  On February 12, 2019, the Family Court denied Tower's petition for modification and his request for increased visitation.  On February 15, 2019, the Family Court denied Tower's motion for recusal.  This appeal followed.

---

[2]  The court also reminded Fowler that she could be held in contempt of court if she failed to abide by the visitation schedule.

(4) On appeal, Tower essentially challenges the factual findings of the Family Court.[3] Tower also argues that the Family Court's decision was tainted by the court's bias against him.

(5) In reviewing a motion for modification of a custody order that is filed within two years of the Family Court's most recent custody order entered after a full hearing, the Family Court "shall not modify its prior order unless it finds, after a hearing, that continuing enforcement of the prior order may endanger the child's physical health or significantly impair his or her emotional development."[4] In this case, the Family Court found Tower had presented no credible evidence to show that the continuation of the May 2017 order that awarded Fowler sole legal custody and primary residence of A.T. would endanger A.T.'s physical health or significantly impair A.T.'s emotional development.

(6) The Family Court may modify an order concerning visitation at any time if the best interests of the child would be served by such a modification.[5] Here, the Family Court concluded that a change in visitation would not be in A.T.'s best interests, in light of Tower's history of domestic violence, his continued unwelcome

---

[3] After briefing was complete, Tower submitted a letter asking to speak to the Court directly to "give a better picture" of the facts. But this Court does not make factual findings. Appellate court review is limited to a review of the record below. Del. Supr. Ct. R. 9(a).

[4] 13 *Del. C.* § 729(c)(1).

[5] 13 *Del. C.* § 729(a).

3

efforts to locate Fowler and A.T., and his unfounded attempts to prove that Fowler is failing to care for A.T.

(7) A judge must recuse herself if she has a personal bias or prejudice concerning a party.[6] When faced with a claim of personal bias, a judge is required to engage in a two-part analysis: (i) first, as a matter of subjective belief, she must be satisfied that she can proceed to hear the case free of bias or prejudice; and (ii) second, the judge must determine that there is no appearance of bias sufficient to cast doubt on the judge's impartiality.[7] The Family Court judge found that she was not biased against Tower and, further, that there was no appearance of bias, as evidenced by the fact that different judicial officers had likewise concluded it was inappropriate for Tower to have custody of A.T.

(8) Our review of a Family Court order extends to the facts and the law as well as to the inferences and deductions made by the trial judge.[8] If the Family Court has correctly applied the law, our standard of review is abuse of discretion.[9] Although we have a duty to review the sufficiency of the evidence and to the test the propriety of the trial court's factual findings, we will not overturn those findings unless they are unsupported by the record or are clearly wrong.[10] When the

---

[6] *Los v. Los*, 595 A.2d 381, 384 (Del. 1991).
[7] *Id*. at 384-85.
[8] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).
[9] *Jones v. Lang*, 591 A.2d 185, 186 (Del. 1991).
[10] *Wife (J.F.V.)*, 402 A.2d at 1204.

4

determination of facts turns on a question of the credibility and the acceptance or rejection of the testimony of witnesses appearing before the trial court, we will not substitute our opinion for that of the trier of fact.[11]

(9) After careful consideration of the parties' respective positions on appeal and a thorough review of the record, the Court has determined that this appeal should be affirmed on the basis of the Family Court's well-reasoned orders dated February 12, 2019, and February 15, 2019. It is clear that the Family Court considered all of the evidence under the appropriate legal standards and that its findings of fact are supported by the record. The fact that Tower disagrees with the court's factual findings is not a basis for reversal and the record does not support Tower's contention that the Family Court's decision was the result of the judge's bias or prejudice.

NOW, THEREFORE, IT IS ORDERED that the judgments of the Family Court are AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[11] *Id.*